IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DRAPER FRANK WOODYARD,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CIV. ACT. NO. 1:24-cv-374-TFM-N |
| **JUDGE JODY BISHOP,** *et al.* | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

On July 29, 2025, the Magistrate Judge entered a Report and Recommendation which recommends this action be dismissed for failure to prosecute and comply with court orders. *See* Doc. 11. Plaintiff timely filed his objections. *See* Doc. 12.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for

lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Having reviewed the objections, they do not overcome the well-reasoned analysis of the Magistrate Judge's recommendation. Rather he simply argues that he did not fail to prosecute or to comply. However, even beyond the reasoning for dismissal pursuant to Rule 41(b), the Court finds that the reasoning provided in the original order to replead the claims (Doc. 10) also notes that the judicial defendants and court clerk are subject to dismissal based upon immunity and that he seeks relief the Court cannot provide. Therefore, because he proceeds *in forma pauperis*, his suit is also subject to dismissal when reviewed under 28 U.S.C. § 1915(e)(2)(B) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). The reasoning in the original order still holds and Plaintiff was warned that the suit was due to be dismissed pursuant to § 1915(e)(2)(B). *See* Doc. 10.

Therefore, for the reasons stated above, the the Report and Recommendation of the Magistrate Judge is adopted as the opinion of this Court with the additional basis for dismissal specifically added.

The Court also notes that Plaintiff mailed on February 6, 2026 a motion to appeal *in forma pauperis* (Doc. 16) which was received by the Court on February 11, 2026. At the time it was mailed, the motion was premature as it relates to this case because the Court had not yet ruled upon the pending Report and Recommendation nor had it entered a judgment. However, the Court will

still address it here given that a judgment is being issued concurrent with this opinion.

28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

The Court certifies that any appeal would be without merit and not taken in good faith and therefore, Woodyard is not entitled to proceed *in forma pauperis* on appeal. Nothing in this order precludes Plaintiff from filing a motion to proceed *in forma pauperis* directly with the Eleventh Circuit Court of Appeals should she decide to do so.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (Doc. 11) is **ADOPTED** as the opinion of this Court as supplemented by this opinion. Accordingly, this case is **DISMISSED without prejudice**. The Plaintiff's Motion to Proceed *in forma pauperis* on appeal (Doc. 16) is also **DENIED**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 13th day of February, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE